UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JORGE L. ABREU
and other similarly-situated individuals,

    Plaintiff,

v.

DOMEX USA LLC,
ROBERTO LEBRON, individually

    Defendants.
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiff JORGE L. ABREU and other similarly-situated individuals, by and through the undersigned counsel hereby sues Defendants DOMEX USA LLC, and ROBERTO LEBRON and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff JORGE L. ABREU (hereinafter JORGE L. ABREU or Plaintiff) is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant DOMEX USA LLC (hereinafter DOMEX USA) is a Profit corporation registered to do business in Florida, which has its main place of business in Miami-

Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. The individual Defendant ROBERTO LEBRON is the Manager of Defendant Corporation DOMEX USA. The individual Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], and is jointly liable for Plaintiff's damages

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 1, 2014 (the "material time") without being compensated.

6. At all times hereto, Plaintiff JORGE L. ABREU was employed by Defendants as a warehouse employee performing non-exempt work, within the personal jurisdiction and venue of this Court.

7. Defendants DOMEX USA, and ROBERTO LEBRON employed Plaintiff JORGE L. ABREU from approximately January 01, 2014 through January 16, 2015, or 54 weeks.

8. Plaintiff was a non-exempt hourly employee. Plaintiff's hourly rate was $9.00 an hour. Plaintiff overtime rate should be $13.50.

9. During the course of his employment period with Defendants, Plaintiff JORGE L. ABREU and the other employees in the asserted class regularly worked overtime hours (hour worked in excess of 40 per workweek, referred to herein as "overtime hours") without being paid proper compensation.

10. Particularly, Plaintiff JORGE L. ABREU worked regularly an average of Fifty Seven (57) hours weekly. However, Plaintiff was not paid overtime compensation for the hours in excess of Forty (40) that he worked in a week.

11. Plaintiff was paid $360.00 per week or $720.00 bi-weekly by direct deposit, and occasionally he was provided with paystubs that never reflected the real number of hour worked in a week period.

12. Plaintiff complained with the Manager of the business about the unpaid overtime hours, but Defendants ignored his request.

13. On or about January 16, complained for the last time, without any positive outcome. Plaintiff was forced to resign from his job because he was working a minimum of 17 overtime hours without receiving proper compensation. No reasonable person could continue working under those conditions.

14. Plaintiff JORGE L. ABREU seeks to recover for unpaid overtime wages and for retaliatory damages as allowable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

17. At all times pertinent to this Complaint, the Employer/Defendant operates as a freight forwarder/courier which sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant uses the instrumentalities of interstate commerce and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Employer/Defendant employs more than two employees affecting interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, the Employer/Defendant DOMEX USA is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), and is subjected to FLSA enterprise coverage. Therefore, there is FLSA enterprise coverage.

18. The Plaintiff's was employed by an enterprise engaged in interstate commerce and Plaintiff was a warehouse worker which regularly handled/worked on goods and/or

materials that were moved across State lines at any time in the course of business. Plaintiff was engaged in interstate commerce and was employed in an enterprise engaged in interstate commerce. Thus, Plaintiff is a covered employee for the purpose of the Act. By reason of the foregoing, there is FLSA individual coverage.

19. Defendants DOMEX USA, and ROBERTO LEBRON employed Plaintiff JORGE L. ABREU as a warehouse worker from approximately January 01, 2014 through January 16, 2015, or 54 weeks.

20. Plaintiff was a non-exempt hourly employee and his wage rate was $9.00 an hour. During the course of his employment period with Defendants, Plaintiff JORGE L. ABREU and the other employees in the asserted class regularly worked overtime hours without being paid proper compensation.

21. Particularly, Plaintiff JORGE L. ABREU worked regularly an average of Fifty Seven (57) hours weekly. However, Plaintiff was not paid overtime compensation for the hours in excess of Forty (40) that he worked in a week.

22. Plaintiff had a regular schedule From Monday to Saturday. Plaintiff worked on Mondays from 11:00 AM to 11:00 PM (12 hrs.); on Tuesdays Plaintiff worked from 11:00 AM to 10:30 PM (11.5 hrs.); on Wednesdays Plaintiff worked from 12:00 M to 10:00 PM (10 hrs.); on Thursdays Plaintiff worked from 11:00 AM to 11:00 PM (12 hrs.); on Fridays Plaintiff worked from 12:00 M to 10:30 PM (10.5 hrs.); and on Saturdays Plaintiff worked from 11:00 AM to 6:00 PM (7 hrs.) which totaled 63 hours weekly. However, Plaintiff usually took 1 hour lunch, or 6 hours per week, thus Plaintiff's working hours amounted to 57 per workweek.

23. Plaintiff's hourly rate was $9.00 an hour. Plaintiff overtime rate should be $13.50. Plaintiff was paid $360.00 per week or $720.00 bi-weekly by direct deposit, and occasionally he was provided with paystubs that never reflected the real number of hour worked in a week period.

24. Plaintiff was not paid for overtime hours at the rate of time and a half his regular rate, as established by law.

25. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

26. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

27. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. Calculations are based on Plaintiff's regular rate of $9.00 with a workweek of 57 hours, proper rates will be determined after discovery

   a. Total amount of alleged unpaid wages:
      Twelve Thousand Three Hundred Ninety Three Dollars and 00/100 ($12,393.00)

   b. Calculation of such wages:
      Relevant period of employment: 54 weeks
      Total number of hours worked weekly: 57
      O/T hours: 17 hours
      $9.00 Regular rate x 1.5 = $13.50 O/T rate

      $13.50 O/T rate x 17 O/T hrs = $229.50 weekly x 54 weeks= $12,393.00

   c. Nature of wages (e.g. overtime or straight time):

This amount represents the unpaid overtime.

28. At all times material hereto, the Employer/Defendant DOMEX USA failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

29. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

30. Defendant DOMEX USA knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

31. At the times mentioned, individual Defendant ROBERTO LEBRON was, and is now, the Manager of Defendant Corporation DOMEX USA. The individual Defendant ROBERTO LEBRON had operational control of DOMEX USA, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.  Individual Defendant ROBERTO LEBRON was the employer of

Plaintiff JORGE L. ABREU and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of DOMEX USA in relation to its employees, including Plaintiff and others similarly situated.

32. Defendants DOMEX USA and ROBERTO LEBRON willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

33. Plaintiff seeks to recover for unpaid overtime wages accumulated from his first to the last day of employment.

34. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

    A. Enter judgment for Plaintiff JORGE L. ABREU and other similarly-situated and against the Defendants DOMEX USA and ROBERTO LEBRON, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II: FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY CONSTRUCTIVE DISCHARGE; AGAINST ALL DEFENDANTS

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 of this complaint as if set out in full herein.

36. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

37. At all times pertinent to this Complaint, the Employer/Defendant operates as a freight forwarder/courier which sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant uses the instrumentalities of interstate commerce and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

Employer/Defendant employs more than two employees affecting interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, the Employer/Defendant DOMEX USA is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), and is subjected to FLSA enterprise coverage. Therefore, there is FLSA enterprise coverage.

38. The Plaintiff's was employed by an enterprise engaged in interstate commerce and Plaintiff was a warehouse worker which regularly handled/worked on goods and/or materials that were moved across State lines at any time in the course of business. Plaintiff was engaged in interstate commerce and was employed in an enterprise engaged in interstate commerce. Thus, Plaintiff is a covered employee for the purpose of the Act. By reason of the foregoing, there is FLSA individual coverage.

39. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

40. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

41. Defendants DOMEX USA, and ROBERTO LEBRON employed Plaintiff JORGE L. ABREU as a warehouse worker from approximately January 01, 2014 through January 16, 2015, or 54 weeks.

42. During his time of employment with Defendant Plaintiff worked an average of over Fifty Seven (57) hours per week for Defendant without receiving overtime payment at the rate of one and a half his regular rate.

43. Plaintiff was not paid for all hours worked. Plaintiff was paid for only 40 hours.

44. Plaintiff complained about missing overtime wages with the Manager of the business. Plaintiff stated that he formally complained and requested to be paid overtime hours to his Manager Roberto Lebron on or about November 14, 2014. The manager told Plaintiff that he had to talk to the owners of the business. On or about December 31, Plaintiff one more time complained and requested overtime payment.

45. These complaints constituted protected activity under the FLSA.

46. On or about January 16, 2015, Plaintiff complained for the last time to Manager Roberto Lebron. Manager Lebron told Plaintiff that he could not pay him for overtime hours.

47. Therefore, on January 16, 2015Plaintiff was forced to quit his job, he had already 54 weeks working many overtime hours without receiving any compensation. No reasonable person could continue working under such unfair conditions established by Defendants.

48. The motivating factor which caused Plaintiff constructive discharge as described above was Defendant's failure to pay Plaintiff for overtime hours.

49. At the times mentioned, individual Defendant ROBERTO LEBRON was, and is now, the Manager of Defendant Corporation DOMEX USA. The individual Defendant ROBERTO LEBRON had operational control of DOMEX USA, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.  Individual Defendant ROBERTO LEBRON was the employer of Plaintiff JORGE L. ABREU and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of DOMEX USA in relation to its employees, including Plaintiff and others similarly situated.

50. Defendants DOMEX USA and ROBERTO LEBRON willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States, and then Plaintiff was constructively discharge.

51. The Defendant's constructive termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

52. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JORGE L. ABREU respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B.  Enter judgment against Defendants DOMEX USA and ROBERTO LEBRON that Plaintiff JORGE L. ABREU recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C.  That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D.  Order the Defendants DOMEX USA and ROBERTO LEBRON to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  Plaintiff JORGE L. ABREU further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff JORGE L. ABREU demands trial by jury of all issues triable as of right by jury.

Dated:  This 30th day of April 2015.

Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
3100 South Dixie Highway
Suite 202
Miami, FL 33133
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*